**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
JOSE CASTILLO,

                                    Plaintiff,

                                                                 18-CV-04345 (ARR) (LB)

                                                                 SECOND AMENDED
                                                                 COMPLAINT

                -against-

LA GATTE PIZZA INC. d/b/a PIZZA TIME
and JUDAH COHEN and COSTABILE ("GUS")
MARTUSCELLI, individually,

                                    Defendants.

---------------------------------------------------------------------------X

      Plaintiff Jose Castillo ("Castillo" or "Plaintiff") by his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of La Gatte Pizza Inc. d/b/a Pizza Time ("Pizza Time") and Costabile (Gus) Martuscelli ("Martuscelli") and Judah Cohen ("Cohen"), individually, alleges the following:

## NATURE OF THE ACTION

1.    This is an action brought by Plaintiff to recover unpaid overtime compensation, statutory penalties, compensatory and punitive damages, and other damages for Plaintiff under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff worked at Pizza Time, located at 1324 Avenue J, Brooklyn, NY 11230.

2. Plaintiff worked at Pizza Time from 1995 through June 29, 2018.

3. Defendants paid Plaintiff a set weekly salary without compensating him lawfully for overtime hours worked.

4. Plaintiff brings this action to remedy violations of the wage-and-hour provisions of the FLSA and the NYLL for his work at Pizza Time.

5. Plaintiff also brings this action under the Wage Theft Protection Act, due to Defendants' failure to provide written notice of wage rates in violation FLSA and the NYLL requirements.

6. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for Defendants' failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

8. This Court has jurisdiction over the New York state law claims under the principles of supplemental jurisdiction.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## PARTIES

**Plaintiff Jose Castillo**

10. Plaintiff Jose Castillo is and was at all times relevant hereto an adult individual residing in Kings County.

11. Plaintiff worked at Pizza Time from on or about 1995 until June 29, 2018.

12. Plaintiff was employed at Pizza Time located at 1324 Avenue J, Brooklyn, NY 11230.

13. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant Costabile (Gus) Martuscelli**

14. Upon information and belief, Defendant Martuscelli owns and/maintains control, oversight and the direction of Pizza Time.

15. Defendant Martuscelli is a person engaged in business in Kings County, who is sued individually in his capacity as an owner, officer and/or agent of Pizza Time.

16. Defendant Martuscelli exercises sufficient control over Pizza Time to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Pizza Time.

17. Defendant Martuscelli has employed Plaintiff at all times relevant.

18. Defendant Martuscelli had substantial control over Plaintiff's working conditions and practices alleged herein.

**Defendant Judah Cohen**

19. Upon information and belief, Defendant Cohen owns and maintains control, oversight and the direction of Pizza Time.

20. Defendant Cohen is a person engaged in business in Kings County, who is sued individually in his capacity as an owner, officer and/or agent of Pizza Time.

21. Defendant Cohen exercises sufficient control over Pizza Time to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Pizza Time.

22. Defendant Cohen has employed Plaintiff at all times relevant.

23. Defendant Cohen had substantial control over Plaintiff's working conditions and practices alleged herein.

**Defendant La Gatte Pizza Inc.**

24. La Gatte Pizza Inc. is a domestic business corporation also doing business as Pizza Time, having its principal place of business located at 1324 Avenue J, Brooklyn, NY 11230.

25. On information and belief, Martuscelli and Cohen are the managers of Pizza Time located at 1324 Avenue J, Brooklyn, NY 11230.

26. At all times relevant to this action, La Gatte Pizza, Inc. was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

27. On information and belief, La Gatte has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## FACTS

**Plaintiff Jose Castillo's
Employment at Pizza Time**

28. From approximately 1995 until June 29, 2018, Plaintiff was employed, without interruption, by Defendants.

29. Plaintiff was employed as a cook.

30. Plaintiff was responsible for preparing all the food for the restaurant.

31. Throughout his employment with Defendants, Plaintiff was scheduled to work more than 40 hours each week.

32. Throughout his employment with Defendants, Plaintiff was not paid overtime.

33. Rather, Plaintiff was paid a fixed weekly salary that was not inclusive of overtime.

34. Throughout Plaintiff's employment, Defendants required Plaintiff to clock in and clock out each day.

35. The time records in Plaintiff's possession demonstrate that he routinely worked more than 40 hours a week.

36. Each week Defendants paid Plaintiff in cash.

37. When Plaintiff was paid each week, he was required to sign his weekly punch card.

38. However, throughout Plaintiff's employment, Defendants never provided Plaintiff with any documentation as to his hours or his rate of pay.

39. Throughout Plaintiff's employment, Defendants never discussed overtime work or what constituted Plaintiff's overtime rate of pay with Plaintiff.

**Plaintiff Jose Castillo's Work**
**Schedule and Salary at Pizza Time**

40. For approximately the past six (6) years, on behalf of Defendants, Plaintiff worked at Pizza Time seven (7) days per week.

41. The only exception to Plaintiff not working his regular seven (7) day work would be for Jewish Holidays (i.e., Yom Kippur).

42. On the Jewish Holidays, Pizza Time would be closed and Plaintiff would not work.

43. From on or about July 2012 through June 2018, Plaintiff worked approximately eleven (11) hours per day on Mondays, Tuesdays, Wednesdays, Thursdays, and Sundays.

44. Plaintiff started work between 7:00 a.m. and 9:00 a.m. and finished work between 6:00 p.m. and 8:00 p.m. each day.

45. From on or about July 2012 through June 2018, Plaintiff worked approximately six (6) hours per day on Fridays.

46. Plaintiff started work between 7:00 a.m. and 9:00 a.m. and finished worked at about 2:00 p.m. each day.

47. From on or about July 2012 through June 2018, Plaintiff worked approximately four (4) hours per day on Saturdays.

48. Plaintiff started work between 5:30 and 9:30 p.m. (around sundown), and finished work between 11:00 p.m. and midnight each day.

49. Plaintiff received thirty-minute lunch breaks on Mondays, Tuesdays, Wednesdays, Thursdays, and Sundays.

50. Plaintiff did not receive meal breaks on Fridays or Saturdays.

51. As previously mentioned, Plaintiff was required to clock in and clock out each day. The hours that Plaintiff worked, though, did not impact Plaintiff's salary.

52. Overall, on average, Plaintiff worked approximately 53 hours each week.

53. In 2012, Plaintiff was paid approximately $800 per week.

54. In 2013, Plaintiff was paid approximately $850 per week.

55. In 2014, Plaintiff was paid approximately $900 per week.

56. In 2015, Plaintiff was paid approximately $950 per week.

57. In 2016, 2017 and 2018 Plaintiff was paid approximately $1000 per week.

**Defendants' Violations of the Wage Theft Protection Act**

58. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

59. Throughout the relevant time period, Defendants paid Plaintiff's wages without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

60. Plaintiff was never given a notice containing the rates of overtime pay and basis thereof, in accordance with NYLL section 191.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Throughout the relevant time period, Plaintiff worked in excess of forty (40) hours per workweek.

63. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to

keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

64. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

65. Defendants' decision not to pay overtime to Plaintiff was willful.

66. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law

67. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

68. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

69. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

70. Defendants' failure to pay required overtime was willful.

71. As a result of Defendants' NY Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

74. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

75. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday starting December 29, 2014 that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
### New York Labor Law- Failure to Provide Wage Statements

76. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendants willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

78. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

79. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each work week before December 29, 2014 and two hundred and fifty dollars for each work week starting December 29, 2014 that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants La Gatte Pizza Inc. d/b/a Pizza Time, and Costabile (Gus) Martuscelli and Judah Cohen, jointly and severally, as follows:

(a) Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(b) Damages for unpaid overtime wages due to Plaintiff in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(c) Penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday starting December 29, 2014 that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(d) Penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred and fifty dollars for each workday starting December 29, 2014 that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(e) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(f) For pre-judgment and post-judgment interest on the foregoing amounts;

(g) For his costs and disbursements of the action, including attorneys' fees; and

(h) For such other further and different relief as the Court deems just and proper.

Dated:  January 18, 2019
        New York, New York

                                        Respectfully submitted,

                                         */s/ Jacob Aronauer*
                                        Jacob Aronauer
                                        *Attorney for Plaintiff*