UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE CASTILLO                              Docket No.: 18-cv-04345 (ARR)(LB)

                   Plaintiff,

              v.                       **ANSWER TO SECOND**
                                         **AMENDED COMPLAINT**

LA GATTE PIZZA INC., d/b/a PIZZA
TIME and COSTABILE (GUS) MARTUSCELLI
and JUDAH COHEN, *individually*,

                   Defendants.
-----------------------------------------------------------X

      Defendants LA GATTE PIZZA INC., d/b/a PIZZA TIME, and COSTABILE (GUS)

MARTUSCELLI and JUDAH COHEN, ("Defendants"), by their counsel, Kaufman Dolowich &

Voluck LLP, as and for their Answer to Plaintiff JOSE CASTILLO's, ("Plaintiff") Second

Amended Complaint (hereinafter the "Subject Complaint") set forth the following:

## NATURE OF THE ACTION

    1.     Defendants deny the allegations set forth in Paragraph 1 of the Subject Complaint.

    2.     Defendants deny the allegations set forth in Paragraph 2 of the Subject Complaint.

    3.     Defendants deny the allegations set forth in Paragraph 3 of the Subject Complaint.

    4.     Defendants deny the allegations set forth in Paragraph 4 of the Subject Complaint.

    5.     Defendants deny the allegations set forth in Paragraph 5 of the Subject Complaint.

    6.     Defendants deny the allegations set forth in Paragraph 6 of the Subject Complaint.

## JURISDICTION AND VENUE

    7.     Defendants neither admit nor deny the allegations set forth in Paragraph 7 of the

Subject Complaint as they consist of legal conclusions to which no response is required, and

respectfully refer all questions of law to the Court.

8.     Defendants neither admit nor deny the allegations set forth in Paragraph 8 of the Subject Complaint as they consist of legal conclusions to which no response is required, and respectfully refer all questions of law to the Court.

9.     Defendants neither admit nor deny the allegations set forth in Paragraph 9 of the Subject Complaint as they consist of legal conclusions to which no response is required, and respectfully refer all questions of law to the Court.

## PARTIES

**Plaintiff Jose Castillo**

10.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Subject Complaint.

11.     Defendants deny the allegations set forth in Paragraph 11 of the Subject Complaint.

12.     Defendants admit the allegations set forth in Paragraph 12 of the Subject Complaint.

13.     Defendants neither admit nor deny the allegations set forth in Paragraph 13 of the Subject Complaint as they consist of legal conclusions to which no response is required, and respectfully refer all questions of law to the Court.

**Defendant Costabile (Gus) Martuscelli**

14.     Defendants admit the allegations set forth in Paragraph 14 of the Subject Complaint.

15.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Subject Complaint.

16.     Defendants deny the allegations set forth in Paragraph 16 of the Subject Complaint.

17.     Defendants deny the allegations set forth in Paragraph 17 of the Subject Complaint.

18.     Defendants deny the allegations set forth in Paragraph 18 of the Subject Complaint.

**Defendant Judah Cohen**

19.     Defendants deny the allegations set forth in Paragraph 19 of the Subject Complaint.

20.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Subject Complaint.

21.     Defendants deny the allegations set forth in Paragraph 21 of the Subject Complaint.

22.     Defendants deny the allegations set forth in Paragraph 22 of the Subject Complaint.

23.     Defendants deny the allegations set forth in Paragraph 23 of the Subject Complaint.

**Defendant La Gatte Pizza Inc.**

24.     Defendants admit the allegations set forth in Paragraph 24 of the Subject Complaint.

25.     Defendants deny the allegations set forth in Paragraph 25 of the Subject Complaint.

26.     Defendants neither admit nor deny the allegations set forth in Paragraph 26 of the Subject Complaint as they consist of legal conclusions to which no response is required, and respectfully refer all questions of law to the Court.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Subject Complaint.

## FACTS

**Plaintiff Jose Castillo's
Employment at Pizza Time**

28.     Defendants deny the allegations set forth in Paragraph 28 of the Subject Complaint.

29.     Defendants admit the allegations set forth in Paragraph 29 of the Subject Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Subject Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Subject Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Subject Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Subject Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Subject Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Subject Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Subject Complaint.

37.     Defendants admit the allegations set forth in Paragraph 37 of the Subject Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Subject Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Subject Complaint.


**Plaintiff Jose Castillo's Work**
**<u>Schedule and Salary at Pizza Time</u>**

40.     Defendants deny the allegations set forth in Paragraph 40 of the Subject Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Subject Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Subject Complaint.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Subject Complaint.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Subject Complaint.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Subject Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Subject Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Subject Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Subject Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Subject Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Subject Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Subject Complaint.

52.     Defendants deny the allegations set forth in Paragraph 52 of the Subject Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Subject Complaint.

54.     Defendants deny the allegations set forth in Paragraph 54 of the Subject Complaint.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Subject Complaint.

56.     Defendants deny the allegations set forth in Paragraph 56 of the Subject Complaint.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Subject Complaint.

**Defendants' Violations of the Wage Theft Protection Act**

58.     Defendants neither admit nor deny the allegations set forth in Paragraph 58 of the Subject Complaint as they consist of legal conclusions to which no response is required, and respectfully refer all questions of law to the Court.

59.     Defendants deny the allegations set forth in paragraph 59 of the Subject Complaint.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Subject Complaint.

## AS TO THE FIRST CAUSE OF ACTION

61.     Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Subject Complaint.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Subject Complaint.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Subject Complaint.

65.     Defendants deny the allegations set forth in Paragraph 65 of the Subject Complaint.

66.     Defendants deny the allegations set forth in Paragraph 66 of the Subject Complaint.

## AS TO THE SECOND CAUSE OF ACTION

67.    Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

68.    Defendants neither admit nor deny the allegations set forth in Paragraph 68 of the Subject Complaint as they consist of legal conclusions to which no response is required, and respectfully refer all questions of law to the Court.

69.    Defendants deny the allegations set forth in Paragraph 69 of the Subject Complaint.

70.    Defendants deny the allegations set forth in Paragraph 70 of the Subject Complaint.

71.    Defendants deny the allegations set forth in Paragraph 71 of the Subject Complaint.

## AS TO THE THIRD CAUSE OF ACTION

72.    Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

73.    Defendants deny the allegations set forth in Paragraph 73 of the Subject Complaint.

74.    Defendants deny the allegations set forth in Paragraph 74 of the Subject Complaint.

75.    Defendants deny the allegations set forth in Paragraph 75 of the Subject Complaint.

## AS TO THE FOURTH CAUSE OF ACTION

76.    Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

77.    Defendants deny the allegations set forth in Paragraph 77 of the Subject Complaint.

78.    Defendants deny the allegations set forth in Paragraph 78 of the Subject Complaint.

79.    Defendants deny the allegations set forth in Paragraph 79 of the Subject Complaint.

## AS TO THE PRAYER FOR RELIEF

80.     Defendants deny that Plaintiff is entitled to any of the relief sough in paragraphs (a) through (h) of the Prayer for Relief in the Subject Complaint.

### STATEMENT OF AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

81.     Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

82.     Plaintiff's claims are barred, in whole or in part, by documentary evidence.

### THIRD AFFIRMATIVE DEFENSE

83.     To the extent that the period of time alluded to in Plaintiff's Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255 (a) or the New York State Labor Law ("NYLL"), such claims are barred.

### FOURTH AFFIRMATIVE DEFENSE

84.     To the extent that Defendants' actions taken in connection with Plaintiff's compensation were done in good faith in conformity with, and reliance upon, written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or New York Department of Labor, Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259.

### FIFTH AFFIRMATIVE DEFENSE

85.     To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation

of the FLSA and/or NYLL, Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C § 260.

## SIXTH AFFIRMATIVE DEFENSE

86.     Plaintiff's claims are barred in whole or in part to the extent that the work Plaintiff performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA and/or NYLL, including those provided for in 29 U.S.C §§ 207, 213.

## SEVENTH AFFIRMATIVE DEFENSE

87.     Defendants, at all times, acted in good faith to comply with the FLSA and NYLL and with reasonable grounds to believe that their actions did not violate the FLSA and/or NYLL, and Defendants assert a lack of willfulness or intent to violate the FLSA and/or NYLL as a defense to any claim by Plaintiff for liquidated damages.

## EIGHTH AFFIRMATIVE DEFENSE

88.     Plaintiff was not an "employee" of all Defendants as defined by the FLSA and/or NYLL.

## NINTH AFFIRMATIVE DEFENSE

89.     All Defendants were not "employers" of Plaintiff as defined by the FLSA and/or NYLL.

## TENTH AFFIRMATIVE DEFENSE

90.     Plaintiff's claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiff's Complaint, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

91.     To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, unclean hands, and/or laches.

## TWELTH AFFIRMATIVE DEFENSE

92.     Even if Defendants, in fact, failed to pay Plaintiff appropriately for any of the activities alleged in Plaintiff's Complaint, to the extent that such activities do not constitute compensable work under the FLSA and/or NYLL, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiff's principal activities of employment, they are not compensable.

## THIRTEENTH AFFIRMATIVE DEFENSE

93.     Plaintiff's claims are barred in whole or in part by the NYLL and the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary to his principal activities or incidental to them.

## FOURTEENTH AFFIRMATIVE DEFENSE

94.     Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## FIFTEENTH AFFIRMATIVE DEFENSE

95.     Plaintiff's NYLL claims cannot, lie, in whole or in part, to the extent Defendants are not covered by the New York Department of Labor Wage Order cited in Plaintiff's Complaint, or any other Wage Order.

## SIXTEENTH AFFIRMATIVE DEFENSE

96.     Plaintiff is not entitled to equitable relief insofar as Plaintiff has an adequate remedy at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

97.     Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

98.     Assuming *arguendo,* Defendants violated any provision of the FLSA or NYLL, such violation was not pursuant to a uniform policy or plan.

### NINETEENTH AFFIRMATIVE DEFENSE

99.     Assuming *arguendo*, Plaintiff is entitled to recover additional compensation for himself  personally, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such the remedies available to Plaintiff are appropriately limited thereby.

### TWENTIETH AFFIRMATIVE DEFENSE

100.     Defendants have not willfully failed to pay Plaintiff any wages and/or monies due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

101.     Plaintiff lacks standing to file and/or prosecute this action against Defendants and/or to receive any attorney's fees.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

102.     Plaintiff is not entitled to an award of prejudgment interest if Plaintiff prevails on any or all of Plaintiff's stated claims.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

103.     Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to any relief, including, but not limited to, the failure to properly state facts sufficient to identify any actual or threatened harm to Plaintiff beyond pure speculation, the failure to allege facts showing that Plaintiff has no adequate remedy at law, and the proposal of relief that would impose an undue burden on both Defendants and the Court and be so uncertain as to be wholly unenforceable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

104.     To the extent that discovery reveals that Plaintiff falsely reported his hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiff to falsely report his hours; and no evidence that Defendants knew or should have known that Plaintiff was providing false information as to his hours, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff.  *See Brumbelow v. Quality Mills, Inc.,* 462 F.2d 1324, 1327 (5th Cir. 1972).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

105.     To the extent that Defendants are or were neither an "enterprise," nor an "enterprise engaged in commerce," under the FLSA, Defendants were not obligated to pay overtime under the FLSA.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

106.     Supplemental or pendant jurisdiction should not be exercised over Plaintiff's NYLL claims.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

107.     The Complaint is barred in whole or in part to the extent that such claims have been released, waived, discharged, and/or abandoned.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

108.     To the extent Defendant failed to provide Plaintiff with wage statements required by NYLL § 195(3), Plaintiff is not entitled to any damages as Defendant made complete and timely payment of all wages due pursuant to the NYLL.

## TWENT-NINTH AFFIRMATIVE DEFENSE

109.     To the extent Defendants comply with New York Labor Law § 652, all relevant wage orders and regulations, and pay employees at or above the applicable minimum wage for hours worked, such related claims of Plaintiff are barred.

## THIRTIETH AFFIRMATIVE DEFENSE

110.     Plaintiff's FLSA claims are barred during any years in which Defendant Santa Maria Pizza d/b/a Pizza Time's, annual dollar volume of sales or business was less than $500,000.00.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

111.     To the extent Defendants failed to provide Plaintiff with notices required by NYLL § 195(1) but made complete and timely payment of all wages due pursuant to the NYLL, Plaintiff is not entitled to any damages due to a failure to provide notices.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

112.     To the extent Defendants failed to provide Plaintiff with notices required by NYLL § 195(1) and/or wage statements required by NYLL § 195(3), Plaintiff is not entitled to any damages as Defendants believed in good faith that they were not required to provide Plaintiff with notice pursuant to NYLL § 195(1) and/or wage statements pursuant to NYLL § 195(3) .

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded their reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
       February 15, 2019

Kaufman Dolowich & Voluck, LLP
*Attorneys for Defendants*

By: ___/s Lisa Minuto_____
   Aaron N. Solomon, Esq.
   Lisa Minuto, Esq.
   135 Crossways Park Drive, Suite 201
   Woodbury, New York 11797
   (516) 681-1100
   asolomon@kdvlaw.com
   lminuto@kdvlaw.com

4822-2177-0888, v. 1

13